Plaintiff-appellant, City of Mentor, appeals the judgment of the Lake County Court of Common Pleas, denying appellant's request for a temporary restraining order, preliminary injunction, and permanent injunction against defendants-appellees, Richard Osborne, Sr., et al., to enjoin the violation of Ordinance No. 97-0-137.
Appellees, Richard Osborne, Sr., Richard M. Osborne, Jerome T. Osborne, and Heisley-Hopkins, Inc., own property in an area known colloquially as the "White Triangle," which contains approximately seventy acres of wooded land located in the Mentor Lagoons. The Mentor Lagoons is part of a 1550 acre stretch of land from Fairport Harbor to Mentor-on-the-Lake, along the Lake Erie shoreline, in Lake County, Ohio, and includes five hundred thirty acres of coastal sand dunes, a marsh, and upland woods. Several varieties of rare and endangered plants grow in the Mentor Lagoons area, including the Leafy Tussock Sedge, which has been designated by the Ohio Department of Natural Resources as an endangered species. The City of Mentor has instituted appropriation actions to acquire the property known as the White Triangle for the purpose of creating a nature preserve. In July of 1997, the City of Mentor passed Ordinance No. 97-0-92, which stayed all applications for building permits for construction in the White Triangle for one hundred eighty days and during the time an appropriation action of a parcel is pending. Appellees filed suit, in Lake County Court of Common Pleas, challenging the constitutionality of Ordinance No. 97-0-92 and seeking temporary and permanent injunctive relief to bar enforcement of the ordinance. On August 26, 1997, the trial court declared Ordinance No. 97-0-92 unconstitutional and permanently enjoined the City of Mentor from enforcing the ordinance and refusing to process or proceed on Osborne's application for a building permit.
Thereafter, Osborne began clearing small trees and other vegetation on his property. In response to Osborne's actions, the City of Mentor enacted Ordinance No. 97-0-137, on September 16, 1997, barring any change, alteration, or removal of any vegetation on lands being appropriated for park purposes by the City of Mentor prior to receiving a permit to do so from the Community Development Department. The ordinance required that the permit be approved by the Munipical Planning Commission and a public hearing be held. The ordinance further stated that the permit would not be issued unless the Municipal Planning Commission determined that "the proposed action [would] not be detrimental to the purposes for which said lands are being appropriated."
On September 19, 1997, the City of Mentor filed a complaint for a temporary restraining order, preliminary injunction, and permanent injunction, requesting that appellees be restrained from violating Ordinance No. 97-0-137, claiming that the Osbornes "have threatened to savage the lands under their control in the White Triangle." The City of Mentor further alleged that "[d]efendants' violation of Ordinance No. 97-0-137 would irreparably damage the City of Mentor by destroying the natural vegetation it sought to protect via the appropriation of land to be used as a public park land, nature preserve and conservation district."
At the hearing on the City of Mentor's motion for a temporary restraining order, the parties agreed that the entire case would immediately be heard by the court and the Osbornes waived service and the filing of an answer. On December 16, in a clarified judgment entry, the trial court denied the City of Mentor's motion for temporary restraining order, preliminary injunction, and permanent injunction.
Appellant assigns the following errors:
 [1.] The trial court erred in declaring unconstitutional Ordinance No. 97-0-137 of the City of Mentor regulating the felling of trees and rooting up of vegetation on lands to be acquired for park purposes.
 [2.] The trial court erred in granting judgment to the Defendants.
In its first assignment of error, appellant alleges that the trial court erred by declaring Ordinance No. 97-0-137 unconstitutional. Appellant contends that Ordinance No. 97-0-137 is not unconstitutional because it does not prohibit Osborne from removing vegetation on his property, but only requires that he seek approval from the Municipal Planning Commission and obtain a permit before clearing his property. The United States Supreme Court made the following statement regarding land-use permits: "[a] requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself 'take' the property in any sense: after all, the very existence of a permit system implies that permission may be granted, leaving the landowner free to use the property as desired." United States v. Riverside BayviewHomes, Inc. (1985), 474 U.S. 121, 127, 106 S.Ct. 455, 459,88 L.Ed.2d 419, 426. Because Ordinance No. 97-0-137 only requires that a person obtain a permit before clearing vegetation on his or her land, it not unconstitutional on its face; however, the ordinance, as applied to appellees' property, violates the taking clauses of the U.S. and Ohio constitutions.
The trial court ordered the City of Mentor to process Osborne's application for a building permit, and Osborne began clearing vegetation on his property, prior to passage of Ordinance No. 97-0-137. This ordinance states that a permit will only be issued if "the proposed action will not be detrimental to the purposes for which said lands are being appropriated." At trial, the City of Mentor admitted that allowing a property owner to obtain any building permit and commence construction would interfere with preserving White Triangle property for park purposes. Julian M. Suso, City Manager of the City of Mentor, testified as follows:
 Q: [D]uring that hearing the City presented testimony that it desired to preserve and protect plant life on the property, didn't it?
A: Yes; among other things.
 Q: And the City also argued that it intended to preserve and protect trees on the property, didn't it?
A: I believe that's in the record, also.
 Q: And the City argued that allowing a property owner to have a building permit and to commence and do construction while the City was intending or attempting to appropriate would interfere with the City's interests; didn't the City argue that?
 A: I belive I would have called it the public interest rather than the City's, but I believe generally that's what we represented, yes."
The trial court correctly stated in its opinion:
 [A]n analysis of Ordinance No. 97-0-137 in light of the appropriation action for nature preserve park purposes which is now pending in the Probate Division leads to the conclusion that said Ordinance amounts to a 'quick take' of the defendant's property. The Ordinance allows the property owner to do nothing except that which the City intends to do with the property, when it gets it, i.e., leaving it untouched in a pristine and natural state. This in effect freezes the property in exactly the condition the City wants on permanent basis prior to the City obtaining the right to do so by gaining title.
A taking occurs when a landowner is left with no economically viable use of the land. Goldberg Companies, Inc. v. RichmondHeights (1998), 81 Ohio St.3d 207, 210; 690 N.E.2d 510, 512. Mentor's refusal to allow Osborne to build on residentially zoned property after a court had already held that he is entitled to a building permit, amounted to an improper taking. The trial court did not err by finding that Ordinance No. 97-0-137, while not facially unconstitutional, was being unconstitutionally applied and therefore invalid. Appellant's first assignment of error has no merit.
In its second assignment of error, appellant alleges that the trial court erred in refusing to grant the requested injunctive relief. Appellant contends that it is entitled to an injunction because appellees did not comply with Ordinance No. 97-0-137, which regulates the procedure to be followed before removing vegetation on lands located in the White Triangle.
This court will not disturb the ruling of the trial court unless the trial court abused its discretion by refusing to grant injunctive relief to appellant. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 218, 450 N.E.2d 1140, 1141. An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. at 219, 450 N.E.2d at 1142.
The trial court did not abuse its discretion by refusing to enjoin appellees from violating an invalid ordinance. Furthermore, Ordinance No. 97-0-137 is an attempt to subvert the earlier court order enjoining the City of Mentor from refusing to process or proceed on Osborne's application for a building permit. The City of Mentor enacted Ordinance 97-0-137 soon after the trial court declared that Ordinance 97-0-92, staying building permits, was unconstitutional. The City of Mentor knew that Osborne had to remove vegetation from his property in order to construct a residence on an undeveloped lot. After losing the battle to prevent Osborne from receiving a building permit, the City of Mentor passed another ordinance in an attempt to thwart Osborne's effort to build in the White Triangle. A court, pursuant to its inherent equity powers, may fashion a remedy to ensure enforcement of its previous order.Central Motors Corp. v. Pepper Pike (1979), 63 Ohio App.2d 34,62, 409 N.E.2d 258, 278. In the instant case, the trial court had the power to foil the City of Mentor's attempt to enforce an ordinance that would subvert the court order finding that Osborne had a right to build on his property. Appellant's second assignment of error has no merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
 --------------------- JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.